OPINION
{¶ 1} Defendant-appellant Robert D. Vanalmen appeals his conviction and sentence entered by the Stark County Court of Common Pleas, on one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(A), following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was arrested on or about July 12, 2005, on a warrant arising from an incident relative to the possession of cocaine and trafficking in cocaine. The Canton Municipal Court conducted a preliminary hearing on July 19, 2005, and bound the case over for indictment consideration. On August 12, 2005, the Stark County Grand Jury indicted appellant on the aforementioned charge. Appellant appeared for arraignment on August 19, 2005, and entered a plea of not guilty. The matter proceeded to jury trial.
 {¶ 3} Sgt. Victor George of the Canton Police Department, who is assigned to the Vice Unit, testified he responded to 1021 Maryland Ave., S.W., Apt 1, in Canton, Ohio, on July 6, 2005, to assist Parole Officer Michael Beebe. Sgt. George stated they attempted to make contact with the residents. After a short period of knocking, a female, who subsequently identified herself as Eva Marion, answered the front door. Sgt. George explained Officer Beebe was following up on a telephone complaint he had received regarding illegal activity by appellant, who was on parole, and lived at the Maryland Ave. residence. Officer Beebe, along with two other parole officers, searched the residence. In one of the bedrooms, the officers found appellant's wallet under the bed, which contained four hundred twenty dollars, a large clump of cocaine, and various drug paraphernalia. Sgt. George and the Vice Team tagged the items and sent the evidence to the Stark County Crime Lab for further analysis.
 {¶ 4} Mike Beebe, appellant's parole officer, testified he received voicemail messages indicating appellant was trafficking in narcotics, abusing narcotics, and had stabbed another individual at his residence at 1021 Maryland Ave., S.W. The voicemail messages were left on June 28, 2005, however, Beebe did not listen to them until July 6, 2005, when he returned from vacation. Based upon these messages, Beebe contacted the Canton Police and requested assistance. Beebe proceeded to appellant's residence with two other parole officers as well as members of the police vice unit.
 {¶ 5} Upon their arrival, Beebe and Sgt. George knocked on the front door. No one answered. The parole officers and the police stayed at the residence after learning the Chevrolet SUV, which was parked in the roadway, belonged to appellant and they assumed appellant was at the residence. A short time later, Eva Marion, appellant's girlfriend, answered the door and gave the officers permission to enter the home. Following the search of the residence, Beebe left a note for appellant to contact him. The following day, July 7, 2005, at approximately 1:00 pm, appellant arrived at Beebe's office. At that time, appellant told Beebe he used cocaine the night prior.
 {¶ 6} On cross-examination, Beebe testified Marion admitted leaving the original messages at his office. According to Beebe, Marion told him "she was a woman scorned by appellant" as she believed appellant was sleeping with other women. Marion told Beebe she was mad at appellant, wanted to get even with him, and get him in trouble. Marion also admitted to Beebe she lied about the stabbing and the drug dealing. On redirect, Beebe recalled Marion indicated the evidence gathered during the search of the residence belonged to her.
 {¶ 7} Jay Spencer, a Criminalist with the Stark County Crime Lab, testified he analyzed the evidence recovered from appellant's residence. Spencer found traces of cocaine on the money and drug paraphernalia. Spencer also noted the hard, white substance was tested and confirmed to be cocaine. Upon completion of Spencer's testimony, the State rested.
 {¶ 8} Appellant called Eva Marion to testify on his behalf. Marion testified she shared a two bedroom apartment on Maryland Ave. with appellant. The couple shared a common bedroom. Marion stated the cocaine and other paraphernalia found during the search belonged to her. Marion acknowledged she contacted appellant's parole officer, advising him appellant had stabbed an individual in the front room of the apartment, and appellant was using and selling drugs. Marion testified she lied about these instances as she and appellant had broken up and she had seen him with other women. Marion further testified she used cocaine prior to meeting appellant, and while they were dating, however, she claimed appellant never knew. Marion acknowledged she was high on crack cocaine when she left the messages on Beebe's voicemail.
 {¶ 9} After hearing all the evidence and deliberations, the jury found appellant guilty of possession of cocaine. The trial court deferred sentencing until October 17, 2005. At the time appellant committed the offense, he was under a mandatory five year supervision, which did not expire until 2008. The trial court sentenced him to a term of imprisonment of twelve months and additional two years for the parole violation.
 {¶ 10} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 {¶ 11} "I. APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE WAS AGAINST THEMANIFEST [SIC] WEIGHT AND SUFFICIENCY OF THE EVIDENCE DUE TO THE PROSECUTOR'S USE OF DIVERGENT THEORIES AND NO EVIDENCE THAT THE JURY REACHED A UNANIMOUS VERDICT.
 {¶ 12} "II. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO O.R.C. 2929.14(C)."
 I {¶ 13} Herein, appellant challenges the sufficiency and weight of the evidence. Specifically, appellant contends the State used divergent theories in an effort to secure a conviction and there was no evidence the jury reached a unanimous verdict.
 {¶ 14} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 16} Appellant submits the State's evidence could be viewed under two sets of facts, one occurring on July 6, 2005, and the other occurring on July 7, 2005, and although the jury found appellant committed the offense, the verdict was not unanimous as to the specific factual scenario which formed the basis of offense. We disagree.
 {¶ 17} At trial, Officer Beebe testified he returned to work on July 6, 2005, following a vacation, and retrieved voicemail messages left for him during the week of June 25, 2005. Upon hearing the messages, which he subsequently learned were left by Eva Marion, Beebe contacted the Canton Police Department and proceeded to appellant's residence. Although both appellant's and Marion's names appear on the lease for the apartment, appellant had broken up with Marion and she moved out of the residence. Marion explained she spent the night of July 5, 2006, at the apartment, because she was on a cocaine high. At the residence, Officer Beebe and the others found a large amount of money in appellant's wallet, cocaine, and drug paraphernalia. The following day, July 7, 2005, appellant met with Beebe and admitted he had used cocaine the night before. Some of the evidence presented at trial indicated appellant never returned to the Maryland Ave. apartment on July 6, 2005, inferring, according to appellant, the items found in the house were not in his possession and the jury based the conviction on his admission to Beebe.
 {¶ 18} The fact appellant admitted to smoking crack on July 6, 2005, is circumstantial evidence regarding his drug use. This fact makes it more credible the drugs and paraphernalia found in the Maryland Ave. home during the search on July 6, 2005, belonged to appellant. Although at trial Marion claimed the illegal substance and apparatus belonged to her, the jury was free to accept or reject such testimony. We do not find any confusion in the State's presentation of the evidence. Accordingly, we find the jury's verdict was not against the manifest weight or sufficiency of the evidence and, more specifically, was the result of an unanimous verdict.
 {¶ 19} Appellant's first assignment of error is overruled.
 II {¶ 20} In his second assignment of error, appellant maintains the trial court erred in imposing a maximum prison term for the offense of possession of cocaine, a fifth degree felony.
 {¶ 21} Subsequent to the filing of briefs by the parties, the Ohio Supreme Court announced its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Therein, the Ohio Supreme Court found R.C. 2929.14(B) and R.C. 2929.14(E)(4) unconstitutional. Id., syllabus nos. 1 and 3, respectively. The Foster Court determined sentences based upon unconstitutional statutes are void and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at para. 103. Based upon Foster, we sustain appellant's second assignment of error.
 {¶ 22} Appellant's sentence is ordered vacated and the case remanded to the trial court for resentencing.
 {¶ 23} The Judgment of the Stark County Court of Common Pleas if affirmed in part and vacated and remanded in part.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas if affirmed in part and vacated and remanded in part. Costs to be divided equally.