OPINION *Page 2 
{¶ 1} Appellant Robert Van Almen appeals his resentencing from the Stark County Common Pleas Court. The State of Ohio is the appellee.
 {¶ 2} On August 12, 2005, the Stark County Grand Jury indicted appellant on one count of possession of cocaine, R.C. §2925.11(A)(C)(4). The case proceeded to a jury trial on October 3, 2005. The jury found appellant guilty as charged.
 {¶ 3} On October 17, 2005, the trial court sentenced appellant. At the time appellant committed the underlying offense, he was on parole for a previous murder conviction. He was paroled on April 28, 2003. His parole did not expire until 2008. Appellant was sentenced to twelve months in prison on the underlying offense and two years for violation of his parole. The sentences were imposed consecutively for a total term of thirty-six (36) months.
 {¶ 4} Appellant appealed his conviction and sentence. This Court inState v. Van Almen, Stark App. No. 2005CA000285, 2006-Ohio-3795, affirmed his conviction but vacated his sentence and remanded the case to the trial court for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 5} The trial court held a resentencing hearing on August 4, 2006. The trial court reimposed the original sentence of twelve months and the additional two years for violation of his parole.
 {¶ 6} Appellant appeals this resentence raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A MAXIMUM TWELVE-MONTH PRISON TERM UPON APPELLANT." *Page 3 
 {¶ 8} In his sole assignment of error, appellant argues that the trial court abused its discretion in imposing the maximum sentence of twelve months. We disagree.
 {¶ 9} In State v. Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to serve maximum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282.
 {¶ 10} Additionally, this Court has held that in post-Foster cases, the appellate review of the imposition of sentence shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, supra. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d, 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its *Page 4 
judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 11} In this case, Appellant was convicted of Possession of Cocaine, a fifth degree felony. The sentencing ranges for a fifth degree felony are between 6 to 12 months.
 {¶ 12} The trial court's imposition of the maximum twelve month sentence was within the statutory sentencing ranges. The trial court stated both on the record and in its sentencing entry that it considered the principals and purposes of sentencing set forth in R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. § 2929.12. T. at 6. The trial court found that "the defendant was not amenable to an available community control sanction." See, Judgment Entry dated August 14, 2006.
 {¶ 13} Appellant contends that his conduct was not more serious than conduct normally constituting the offense under R.C. 2929.12 (B) and that this outweighs the recidivism factors under R.C. 2929.12 (D) and (E). However, we find the trial court did properly consider the appropriate sentencing factors. There is no evidence in the record that the trial court acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or by giving unreasonable weight to any pertinent factor. In sum, there is nothing in the record indicating that the imposition of a maximum sentence, particularly in light of appellant's prior record, was greatly excessive or manifestly disproportionate to the crime or the defendant.
 {¶ 14} For these reasons, this Court is not persuaded that the trial court's sentence is unreasonable, arbitrary or unconscionable. *Page 5 
 {¶ 15} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Stark County Court of Common Pleas is affirmed. By: Delaney, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1