{¶ 1} Appellant, Clyde Duff, appeals from the trial court's imposition of consecutive sentences in Licking County Common Pleas Case Number 2006CR110 on June 27, 2006. Timely notices for appeal were filed on July 31, 2006.
 STATEMENT OF THE FACTS {¶ 2} On June 27, 2006, Case Number 2006CR110, Appellant entered a no contest plea to one count of Aggravated Arson in violation of §2909.02(A)(1), a felony of the first degree, and one count of Aggravated Arson in violation of § 2909.02(A)(2), a felony of the second degree. The trial court found the defendant guilty of both charges and sentenced him to seven years on Count 1 and four years on Count 2. Further, the trial court ordered the sentences to run consecutively. It is from the imposition of consecutive sentences that Appellant appeals and raises one assignment of error:
 ASSIGNMENT OF ERROR {¶ 3} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT CLYDE M. DUFF (DUFF)."
 {¶ 4} In his sole Assignment of Error, Appellant contends the trial court abused its discretion in ordering consecutive sentences. We disagree.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because said provisions required judicial fact finding to exceed the sentence allowed simply as a result of a conviction or plea. The Court therein concluded " * * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer *Page 3 
required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 6} Appellant in the case sub judice was sentenced in the post-Foster era. In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, this Court recognized that the Foster court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v.Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. This Court concluded that post-Foster, an appellate court reviews the imposition of consecutive sentences under an abuse of discretion standard.Id. at ¶ 40. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980),62 Ohio St.2d, 151, 157. Additionally, post-Foster, trial courts are still required to "consider" the general guidance factors contained in R.C. § 2929.11 and R.C. § 2929.12 in their sentencing decisions. SeeState v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 7} A violation of R.C. § 2909.02(A)(1) bears a potential penalty of confinement of three to ten years. A violation of R.C. § 2909.02(A)(2) carries a potential penalty of confinement of two to eight years. It was within the trial court's discretion to consider any penalty within the foregoing range as long as the penalty was considered in light of the factors of R.C. § 2929.11 and § 2929.12. The facts of this case establish that Appellant, while under the influence of drugs and alcohol, intentionally set fire to an occupied apartment building to harass his ex-girlfriend. Fortunately, no one was injured. The building suffered approximately $15,000 worth of damage. The trial court *Page 4 
considered the factors in R.C. § 2929.11 and § 2929.12 and concluded in the June 27, 2006, Judgment Entry that "prison is consistent with the purposes" of R.C. § 2929.11 and "the defendant is not amenable to available community control sanction." Appellant argues that he admitted to the charges and expressed remorse as well as offered restitution. However, Appellant admits he has a lengthy history of criminal conduct. Sentencing transcript at 18-19.
 {¶ 8} Upon review of the sentencing hearing transcript and the subsequent judgment entry in this matter, this Court is not persuaded that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court otherwise abused its discretion in ordering Appellant's sentences to be served consecutively.
 {¶ 9} Appellant's sole Assignment of Error is overruled.
 {¶ 10} The decision of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Hoffman, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.