OPINION
{¶ 1} Appellant, Michael E. Fete, appeals from the trial court's imposition of a consecutive, non-minimum sentence. A timely Notice of Appeal was filed on October 30, 2006. On February 5, 2007, counsel for Appellant filed a brief pursuant to Anders v. California (1967),386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. In said brief, counsel for Appellant set forth the following proposed Assignment of Error:
 {¶ 2} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A TERM OF INCACERATION TO BE SERVED CONSECUTIVELY TO THE TERM OF IMPRISONMENT IMPOSED BY THE COMMON PLEAS COURT OF STARK COUNTY."
 {¶ 3} On or about February 5, 2007, Appellant's counsel sent notice to Appellant that he had the right to file a pro se brief on his behalf. On or about March 1, 2007, this Court notified Appellant that a pro se merit brief was to be filed on or before March 29, 2007. No pro se merit brief has been filed by Appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 4} Appellant being represented by counsel pled guilty to one count of Passing Bad Checks, a violation of R.C. 2913.11(B), a fifth degree felony. On September 28, 2006, Appellant, being represented by counsel, appeared in open court and was sentenced to serve a ten-month term of imprisonment for one count of Passing Bad Checks. Appellant was further ordered to serve the ten-month term of imprisonment consecutively to any sentence Appellant was *Page 3 
currently serving from convictions in either Summit or Stark Counties. It is from this consecutive, non-minimum sentence that Appellant now seeks to appeal.
 {¶ 5} Appellant states in the Anders' brief that the trial court abused its discretion by ordering that his ten-month sentence for passing bad checks be served consecutively to any sentences he was currently serving for convictions in either Summit or Stark County. We disagree.
 {¶ 6} In State v. Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to serve maximum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282.
 {¶ 7} Additionally, this Court has held that in post-Foster cases, the appellate review of the imposition of sentence shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41, *Page 4 
2006-Oho-5823; State v Duff, supra. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d, 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 8} In this case, Appellant was convicted of Passing Bad Checks, a fifth degree felony. The sentencing ranges for a fifth degree felony are 6, 7, 8, 9, 10, 11 or 12 months. Additionally, R.C. 2929.41 gives the trial court discretion to specify whether a defendant's sentences shall be served consecutively or concurrently. State v. Johnson (1988),40 Ohio St.3d 130, 133-134, 532 N.E.2d 1295, certiorari denied (1989),489 U.S. 1098, 109 S.Ct. 1574, 103 L.Ed.2d 940; State v. White (1985),18 Ohio St.3d 340, 342, 481 N.E.2d 596; State v. Moss (1982),69 Ohio St.2d 515, 518, 433 N.E.2d 181, certiorari denied (1983), 459 U.S. 1200,103 S.Ct. 1183, 75 L.Ed.2d 430.
 {¶ 9} The trial court's imposition of a non-minimum 10 month sentence was within the statutory sentencing ranges. Additionally, it was within the trial court's discretion to order that the sentences be served consecutively to sentences for convictions in other jurisdictions. For these reasons, this Court is not persuaded that the trial court's sentence is unreasonable, arbitrary or unconscionable. Accordingly, Appellant's proposed Assignment of Error is hereby overruled. *Page 5 
 {¶ 10} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 11} The judgment of the Holmes County Court of Common Pleas, General Division, is affirmed.
By: Gwin, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas, General Division, is affirmed.
Attorney Jeffrey G. Kellogg's motion to withdraw as counsel for Appellant, Michael E. Fete is hereby granted.
 IT IS SO ORDERED. *Page 1