OPINION *Page 2 
{¶ 1} Appellant, Jimmy Newell, appeals from the trial court's re-sentencing on remand from this Court. The matter had previously been remanded for re-sentencing in accordance with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 . A timely Notice of Appeal was filed on July 18, 2006. On October 30, 2006, counsel for Appellant filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. In said brief, counsel for Appellant set forth the following proposed Assignment of Error:
 {¶ 2} "APPELLANT CONTENDS THAT THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A FOUR-YEAR PRISON SENTENCE, ONE YEAR LESS THAN THE MAXIMUM AND MADE THE SENTENCE CONSECUTIVE TO A MAXIMUM ONE-YEAR SENTENCE IMPOSED FOR A FELONY 5 POSSESSION OF COCAINE CHARGE."
 {¶ 3} On or about March 29, 2007, Appellant's counsel informed this Court that on or about November 21, 2006, Appellant had been notified of the right to file a pro se merit brief. No pro se merit brief has been filed by Appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 4} Originally, Appellant's first appeal, as a matter of right, was remanded to the trial court for re-sentencing pursuant to State v.Foster. Thereafter, on June 16, 2006, Appellant, being represented by counsel, was re-sentenced on his criminal convictions for one count of Burglary, a violation of R.C. 2911.12(A), a third degree felony, and one count of Possession of Cocaine, *Page 3 
a violation of R.C. 2925.11(A)(C)(4(a), a fifth degree felony. Upon re-sentencing, Appellant was ordered to serve a four (4) year non-minimum term of incarceration for Burglary and a one (1) year maximum term of imprisonment for Possession of Cocaine. Appellant was further ordered to serve the terms of incarceration consecutively for an aggregate five (5) year term of imprisonment. It is from this non-minimum, maximum, consecutive sentencing that Appellant now seeks to appeal.
 {¶ 5} Appellant states in the Anders' brief that the trial court abused its discretion by imposing a non-minimum sentence, a maximum sentence and ordering that the sentences be served consecutively. We disagree.
 {¶ 6} In State v. Foster, the Ohio Supreme Court held that under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81, *Page 4 2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282.
 {¶ 7} Additionally, this Court has held that in post-Foster cases, the appellate review of the imposition of sentence shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Ohio-5823; State v. Duff, supra. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d, 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 8} In this case, Appellant was convicted of Burglary, a third degree felony, and Cocaine Possession, a fifth degree felony. The sentencing ranges for a third degree felony are 1,2,3,4 or 5 years. The sentencing ranges for a fifth degree felony are 6,7,8,9,10,11 or 12 months. Additionally, R.C. 2929.41 gives the trial court discretion to specify whether a defendant's sentences shall be served consecutively or concurrently. State v. Johnson (1988), 40 Ohio St.3d 130, 133-134,532 N.E.2d 1295, certiorari denied (1989), 489 U.S. 1098, 109 S.Ct. 1574,103 L.Ed.2d 940; State v. White (1985), 18 Ohio St.3d 340, 342,481 N.E.2d 596; State v. Moss (1982), 69 Ohio St.2d 515, 518,433 N.E.2d 181, certiorari denied (1983), 459 U.S. 1200, 103 S.Ct. 1183,75 L.Ed.2d 430.
 {¶ 9} In this case, the trial court's imposition of a non-minimum, maximum, consecutive, aggregate five-year sentence was within the statutory *Page 5 
sentencing ranges. Furthermore, this Court is not persuaded that the trial court's sentence is unreasonable, arbitrary or unconscionable. Accordingly, Appellant's proposed Assignment of Error is hereby overruled.
 {¶ 10} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 11} The judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
Farmer, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
Attorney David L. Smith's motion to withdraw as counsel for Appellant, Jimmy Newell is hereby granted.
 IT IS SO ORDERED. *Page 1