OPINION *Page 2 
{¶ 1} Defendant-appellant Derek O. Deavault appeals the September 7, 2006 Judgment Entry of the Delaware County Court of Common Pleas revoking his community control, and imposing a six month prison term to be served consecutively to a prison term imposed by a Franklin County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On July 11, 2003, Appellant was indicted on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree.
 {¶ 3} Following a bench trial, the trial court found Appellant guilty as charged. Via Judgment Entry of July 6, 2004, the court sentenced Appellant to a term of community control, informing Appellant the court could impose a sentence up to and including a prison term of twelve months.
 {¶ 4} On February 9, 2005, Appellant's community control was suspended, and the trial court issued a warrant for Appellant's arrest. On December 19, 2005, Appellant appeared for a hearing on his community control violation. Via Judgment Entry of December 27, 2005, the trial court reinstated Appellant's community control sanction, and resentenced Appellant to a definite prison term of twelve months in the event Appellant violated the conditions of his community control.
 {¶ 5} Shortly thereafter, Appellant entered a plea of guilty to Medicaid fraud in the Franklin County Court of Common Pleas.
 {¶ 6} On August 7, 2006, the trial court again suspended Appellant's community control for a separate violation of the terms of his sanction, and issued a warrant for *Page 3 
Appellant's arrest. On September 5, 2006, appellant appeared before the trial court for a hearing relative to the violation. Via Judgment Entry of September 7, 2006, the trial court revoked Appellant's community control, and sentenced Appellant to a term of six months in prison, to be served consecutively to the prison term imposed by the Franklin County Court of Common Pleas.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT ORDERED THAT THE SENTENCE IN THE INSTANT CASE BE SERVED CONSECUTIVELY TO THE PRISON TERM IMPOSED BY A FRANKLIN COUNTY COURT."
 {¶ 9} In his sole assignment of error, Appellant argues the trial court erred in ordering his sentence be served consecutively to the prison term imposed by the Franklin County Court of Common Pleas following his plea of guilty to Medicaid fraud.
 {¶ 10} Appellant cites R.C. Section 2929.19(B)(5), which states:
 {¶ 11} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offenderand shall indicate the specific prison term that may be imposed as asanction for the violation, as selected by the court from the *Page 4 
range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 12} In State v. Brooks (2004), 103 Ohio St.3d 134, the Ohio Supreme Court required a trial court put a defendant on notice of the specific prison term he faces if a violation of the conditions of community control occurs. The Supreme Court held:
 {¶ 13} "Having established that the statutory scheme envisions the sentencing hearing itself as the time when the notification must be given, we next consider what language the trial court should use. By choosing the word "specific" in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as "twelve months' incarceration," if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive "the maximum," or a range, such as "six to twelve months," or some other indefinite term, such as "up to 12 months." The judge is required to notify the offender of the "specific" term the offender faces for violating community control.
 {¶ 14} "If the conditions of community control are violated, R.C.2929.15(B) provides the trial court a great deal of latitude in sentencing the offender. R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation. It should be noted that, in addition to a sentencing proceeding under R.C. *Page 5 2929.15(B), a violation of the conditions may give rise to a separate prosecution as an offense in its own right.
 {¶ 15} * * *
 {¶ 16} "Under R.C. 2929.15(B), the trial court may impose (1) a longer time of community control under the same sanction, (2) a more restrictive sanction, thereby changing the conditions of community control, or (3) a prison term. If the trial judge chooses a prison term, the term imposed may not exceed the term the offender was originally notified of under R.C. 2929.19(B)(5). Because the trial judge is not required to choose a prison term under R.C. 2929.15, it follows that the trial judge could choose to impose a lesser term of imprisonment than the one the offender was informed of under R.C. 2929.19(B)(5)."
 {¶ 17} "* * *
 {¶ 18} "For all the foregoing reasons, we hold that pursuant to R.C.2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."
 {¶ 19} Appellant maintains the trial court erred in failing to inform him the prison term could be ordered to be served consecutively to another sentence.
 {¶ 20} Following the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, an appellate court reviews the imposition of consecutive sentences under an abuse of discretion standard. State v. Duff 2007-Ohio-1294. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or *Page 6 
unconscionable." See State v. Adams (1980), 62 Ohio St.2d, 151, 157. Additionally, post-Foster, trial courts are still required to "consider" the general guidance factors contained in R.C. § 2929.11 and R.C. §2929.12 in their sentencing decisions. See State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282.
 {¶ 21} Originally, the trial court's July 6, 2004 Judgment Entry memorializing the sentence imposed at the June 29, 2004 sentencing hearing, stated:
 {¶ 22} "It was further ORDERED that a violation of this Sentence may lead to a longer or more restrictive Sanction or Sanctions, up to and including a prison term of Twelve (12) months."
 {¶ 23} Then, via Judgment Entry of December 27, 2005, the trial court reinstated Appellant's community control sanction following a December 19, 2006 hearing on his violation:
 {¶ 24} "And, pursuant to St. v. Brooks, 103 Ohio St. 3d 134 (2004), the Court resentenced the Defendant to a definite prison term of twelve (12) months as to the Indictment should the Defendant violate his Community Control Sanctions."
 {¶ 25} At the September 5, 2006 violation hearing, the following exchange occurred:
 {¶ 26} "The Court: Having found the violation, what is the State's position as far as sentence?
 {¶ 27} "Mr. Owen: Thank you, Your Honor. To please the court, I reviewed the timeline on this, which may be relevant. Original sentence in this court which was imposed June 29, `04, and the indictment from Franklin County alleged that the conduct leading to the Medicaid fraud indictment occurred between April 24, `05 through *Page 7 
November 23, `05. That would have been after the disposition of this case. I only mention this Your Honor, for purposes of resolving any confusion when the conduct occurred. It was my understanding that following his imposition of community control sanctions, that he absconded from the jurisdiction, that lead to — Mr. Taglione can add any additions, as far as the history of Mr. Deavault here in Delaware County. Thank You.
 {¶ 28} "* * *
 {¶ 29} "It was my understanding that once the defendant was sentenced he absconded from supervision for approximately six months after his original sentencing. During this time is when the Medicaid fraud act occurred. So that's where the absconding supervision came into play. After six months, after the original sentence date in this court, he absconded supervision and I believe he was placed back on supervision.
 {¶ 30} "The Court: December 19th, 2005, he came before this court the last time, he already committed the act but the authorities were not aware of this?
 {¶ 31} Mr. Taglione: That's the best of my understanding, Your Honor."
 {¶ 32} Tr. at 4-5.
 {¶ 33} Upon review, Appellant was indicted in Franklin County on allegations of conduct constituting Medicaid Fraud, with the conduct occurring between April 24, 2005 through November 23, 2005. On December 19, 2005, Appellant appeared before the trial court for a violation of his community control sanction imposed on July 6, 2004. However, at the time of the violation hearing the authorities were not aware of his *Page 8 
indictment in Franklin County. Shortly thereafter, Appellant pleaded guilty to the charge in Franklin County.
 {¶ 34} Therefore, at the time the trial court imposed the community control sanction sentence on July 6, 2004, Appellant had not committed the acts in Franklin County. Further, at the time of Appellant's initial violation hearing on December 19, 2005, the trial court was unaware of the indictment in Franklin County. At the time of sentencing the trial court could not inform Appellant of the possibility of a sentence to be served consecutively to the Franklin County sentence.
 {¶ 35} Accordingly, we find the trial court did not err in failing to specifically inform Appellant the prison term to be imposed in the event he violated the terms of his community control could be consecutive to any other sentence. Furthermore, we find no specific statutory requirement the trial court must so inform a defendant as to the possible imposition of consecutive sentencing for future crimes.
 {¶ 36} Appellant's sole assignment of error is overruled. *Page 9 
 {¶ 37} Appellant's sentence in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Delaney, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 7, 2006 Judgment Entry of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1