OPINION *Page 2 
{¶ 1} Appellant Nahlene Viebba Huffman appeals her conviction and sentence in the Ashland County Court of Common Pleas for illegal assembly for the manufacture of drugs and aggravated possession of drugs.
 {¶ 2} On July 3, 2006, the Ashland County Grand Jury issued a two-count indictment against appellant in Case Number 06-CRI-080. Appellant was charged with illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A), and illegal manufacture of drugs, a violation of R.C. 2925.04(A). The date of the alleged offense in the first count was November 2, 2005, and the time frame alleged in the second count was September 1, 2005 to November 2, 2005. On August 14, 2006, a complaint charging appellant with aggravated possession of drugs, a violation of R.C. 2925.11(A), was filed in the Ashland County Common Pleas Court, in Case Number 06CRI-093. The date of this alleged offense was August 13, 2006.
 {¶ 3} The two cases were consolidated. Appellant waived her right to an indictment in the second case (06-CRI-093), and entered guilty pleas to the first count in the indictment in the first case (06-CRI-080), and to the aggravated possession charge contained in the bill of information in the second case (06-CRI-093). Transcript, Change of Plea Hearing of September 18, 2006, hereinafter referred to as Tr., pp. 7, 22. The second count contained in the indictment in the first case was dismissed. Tr. at p. 29.
 {¶ 4} On November 6, 2006, appellant appeared for sentencing, and the trial court imposed a one-year prison term for the illegal assembly conviction, and a six-month prison term for the aggravated possession charge. Transcript, Sentencing of November 6, 2006, hereinafter referred to as Sent. Tr., at pp. 11-12. The trial court *Page 3 
ordered these prison terms to be served consecutively to each other, for an aggregate prison term of eighteen months. Sent. Tr. at pp. 11-12. Appellant objected to the trial court's imposition of consecutive prison terms. Sent. Tr. at p. 15.
 {¶ 5} On November 15, 2006, the trial court's decision was journalized, and on December 14, 2006, appellant filed two timely notices of appeal. Appellant then moved to consolidate these two cases for review in this Court, which motion this Court granted. Appellant raises the following assignment of error:
 I. THE TRIAL COURT ERRED WHEN SENTENCING MS. HUFFMAN TO SERVE CONSECUTIVE PRISON TERMS BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MS. HUFFMAN, IN CONTRAVENTION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. BLAKELY V. WASHINGTON (2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220. (SENT. TR. PP. 11-12).
 {¶ 6} Appellant argues that the trial court erred in ordering the sentences to be served consecutively.
 {¶ 7} In State v. Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to serve maximum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact *Page 4 
finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C.2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282.
 {¶ 8} Additionally, this Court has held that in post-Foster cases, the appellate review of the imposition of sentence shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, supra. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d, 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 9} Appellant pled to aggravated possession of drugs, a felony of the fifth degree, with a sentencing range between six and twelve months. Appellant also pled guilty to illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, with a sentencing range between one and five years. The trial court sentenced appellant to six months on the first charge and one year on the second to be served consecutively. Sent. Tr. at p. 11. Thus, the trial court sentenced Ms. Huffman to minimum sentences on both charges. *Page 5 
 {¶ 10} The trial court considered the principles and purposes of sentencing under R.C. 2929.11 in its Judgment Entry dated November 15, 2006. At sentencing, the trial court stated:
 {¶ 11} "When I sentence, I have to do so in accordance with Ohio law which means I have to achieve the purposes and principles of the felony sentencing law. Those purposes and principles are to punish an offender for their conduct as well as to protect the public from future crime committed not only by yourself, but by others."
 {¶ 12} "I have to also consider the need for incapacitation, locking someone up, deterrence, rehabilitation and restitution."
 {¶ 13} "I have to fashion a sentence which is commensurate with, and not demeaning to, the seriousness of the offense and its impact on the victim if there is any, and it has to be consistent with similar sentences for similar crimes committed by similar individuals."
 {¶ 14} "I can never base a sentence on raise [sic], ethnicity, gender or religion."
 {¶ 15} "It's important to note that you are not only charged with the use of methamphetamines, but you are charged with the manufacture of those drugs, which makes you slightly different from an offender who comes in this Court who is just abusing drugs, just hooked on drugs and doing drugs and gets caught with drugs. While that may be part of the picture in this case, it is of significance to me, and it is more serious to me that you are making the drugs themselves because that is part of an organized criminal activity. This meth lab was in your home. You are allowing others to come in and make meth in your home also. That makes this offense — or at least Count 1 of the complaint in 06-CRI-080 more serious." *Page 6 
 {¶ 16} "Next thing I have to look at is the likelihood that you will re-offend. As Attorney Good has mentioned, there are a lot of factors here which are not positive. Your history of prior criminal activity, OMBI [sic], disorderly conduct, theft, use or possession of drug paraphernalia, you have a prior conviction for Illegal Assembly of — or Possession of Chemicals for the Manufacture of Drugs out of Medina County. While it's a prior conviction, I will note that the offense in that case and the offense in our case both occurred at the — the same time. The convictions have come one after the other."
 {¶ 17} "You have not responded favorably in the past to sanctions given to you. With regard to 06-CRI-093, Miss Huffman, you were on bond with this Court. You were under community control sanctions from Medina County Court when you still went out and possessed more methamphetamine, which does not indicate to me that you have any remorse or consideration for your conduct, and I will note for the record, there's — there's an indication you were going to see Mr. Dwyer, but you possessing and using methamphetamine at the exact same time. You were given a chance by the Medina County Court when you were sentenced in April of last year to change your behavior. Judge Kimbler gave you sentence which granted you every benefit of the criminal justice system that's known. You were put on supervision, you were given 90 days of home incarceration, 24 hours of work community work service. You were to undergo a drug ses — assessment[sic], follow through on recommendations. You had a six month license suspension. You were to pay Court — Court costs. That's the sentence you now have a probation violation pending on, but you didn't get any time out of that at all other than home incarceration." *Page 7 
 {¶ 18} `It's my opinion, based on the entire facts known to me, Miss Huffman, that you are not amenable to community control. I am ordering, therefore, as follows with regard to the offenses."
 {¶ 19} "With regard to the offense of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree, I'm ordering that you spend one year in a penal institution operated by the State of Ohio."
 {¶ 20} "With regard to the offense of Aggravated Possession of Drugs, a felony of the fifth degree, I'm ordering that you spend six months in a penal institution operated by the State of Ohio. I'm ordering that the sentence on that charge be served consecutively to the sentence with regard to Count 1, Case No. 06-CRI-080." Sent. T. at pp. 8-12
 {¶ 21} The trial court was not required to find any additional fact or state any reason in order to impose the sentence in the instant case. The trial court could have made the sentences consecutive without making any statement on the record, so long as the sentences were within the statutory range. The trial judge merely explained on the record her reasons for making the sentences run consecutively. This cannot transform a constitutional sentence into a constitutionally infirm sentence on the grounds the statements constitute impermissible judicial fact-finding, see, e.g. State v. Hall, Morgan App. No. 06CA9,2007-Ohio-3428, State v. Goggans, Delaware App. No. 06-51,2007-Ohio-1433.
 {¶ 22} We find the trial court sentenced appellant within the statutory range for the convictions. Upon our review of the record before us, we cannot say the court abused its discretion. *Page 8 
 {¶ 23} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 24} The judgment of the Ashland County Court of Common Pleas is affirmed
 Delaney, J. Farmer, J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to the appellant. *Page 1