OPINION *Page 2 
{¶ 1} On September 17, 2004, the Richland County Grand Jury indicted appellant, David Moser, on one count of rape in violation of R.C.2907.02 and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04.
 {¶ 2} A jury trial commenced on April 16, 2005. The jury found appellant guilty of the unlawful sexual conduct count and not guilty of the rape count. By judgment entry filed April 20, 2005, the trial court sentenced appellant to five years in prison.
 {¶ 3} Appellant appealed and this court affirmed appellant's conviction. See, State v. Moser, Richland App. No. 05CA39,2006-Ohio-165. Appellant filed a jurisdictional memoranda with the Supreme Court of Ohio, and the court remanded his case for resentencing in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See, Supreme Court of Ohio Judgment Entry, Case No. 06-466, filed June 7, 2006.
 {¶ 4} A resentencing hearing was held on December 28, 2006. By judgment entry filed January 2, 2007, the trial court again sentenced appellant to five years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM SENTENCE BY USING FACTORS WHICH WERE NOT FOUND BY A JURY OR ADMITTED BY THE DEFENDANT IN VIOLATION OF THE DEFENDANT'S RIGHTS TO DUE PROCESS AND A JURY TRIAL UNDER THE FIFTH, SIXTH, AND *Page 3 FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND SECTIONS TEN AND SIXTEEN, ARTICLE 1, OHIO CONSTITUTION."
 II {¶ 7} "THE REMEDY THAT THIS COURT SET FORTH IN STATE V. FOSTER
VIOLATES THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION."
 I, II {¶ 8} Appellant claims the trial court erred in imposing the maximum sentence, and the directives of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violate the ex post facto and due process clauses of the United States Constitution. We disagree.
 {¶ 9} In Foster, the Supreme Court of Ohio held under Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, and/or consecutive sentences. As a remedy, the Foster court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12.State v. Duff, Licking App. No. 06-CA-81, 2007-Ohio-1294; See also,State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282. *Page 4 
Additionally, this court has held that in post-Foster cases, appellate review of sentences shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41,2006-Ohio-5823; Duff, supra. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217; State v. Adams (1980), 62 Ohio St.2d 151. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619.
 {¶ 10} In this case, appellant was convicted of unlawful sexual conduct with a minor, a felony in the third degree. The sentencing range for a third degree felony is "one, two, three, four, or five years." R.C.2929.14(A)(3). The trial court's imposition of five years is within the statutory sentencing range, and as such, is a proper sentence.
 {¶ 11} As for appellant's argument that Foster violates the ex post facto and due process clauses of the United States Constitution, we disagree with this argument based upon the well-reasoned opinion by the Honorable William B. Hoffman in State v. Rorie, Stark App. No. 2006CA00181, 2007-Ohio-741, Assignment of Error I.
 {¶ 12} Upon review, we find the trial court's sentence is not unreasonable, arbitrary or unconscionable.
 {¶ 13} Assignments of Error I and II are denied. *Page 5 
 {¶ 14} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed. By Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1