OPINION *Page 2 
{¶ 1} On February 24, 2006, the Ashland County Grand Jury indicted appellant, Jerry Barrett, on one count of operating a motor vehicle under the influence of alcohol and/or drugs in violation of R.C. 4511.19
and one count of possession of crack cocaine in violation of R.C.2925.11.
 {¶ 2} On February 5, 2007, appellant pled guilty to the under the influence count. By judgment entry filed same date, the trial court found appellant guilty, and permitted the state to dismiss the possession count. By judgment entry filed March 28, 2007, the trial court sentenced appellant to eight months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY IMPOSING A SENTENCE GREATER THAN THE MINIMUM SENTENCE PROVIDED BY LAW IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATE (SIC) CONSTITUTION."
 I {¶ 5} Appellant claims the trial court erred in imposing more than the minimum sentence, and the directives of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, violate the ex post facto and due process clauses of the United States Constitution. We disagree.
 {¶ 6} In Foster, the Supreme Court of Ohio held under Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296, portions of *Page 3 
Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, and/or consecutive sentences. As a remedy, theFoster court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294; See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282.
 {¶ 7} Additionally, this court has held that in post-Foster cases, appellate review of sentences shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41,2006-Ohio-5823; Duff, supra. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217; State v. Adams (1980), 62 Ohio St.2d 151. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619.
 {¶ 8} In this case, appellant was convicted of operating a motor vehicle under the influence of alcohol and/or drugs, a felony in the fourth degree. The sentencing range for a fourth degree felony is "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). The *Page 4 
trial court's imposition of eight months is within the statutory sentencing range, and as such, is a proper sentence.
 {¶ 9} As for appellant's argument that Foster violates the ex post facto and due process clauses of the United States Constitution, we disagree with this argument based upon the well-reasoned opinion inState v. Rorie, Stark App. No. 2006CA00181, 2007-Ohio-741, Assignment of Error I.
 {¶ 10} Upon review, we find the trial court's sentence is not unreasonable, arbitrary or unconscionable.
 {¶ 11} The sole assignment of error is denied.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1