OPINION *Page 2 
{¶ 1} Defendant-Appellant, Bradley Hinkle, appeals from his conviction of one count of Theft, a felony of the fifth degree, in violation of R.C. 2913.02, one count of Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a), and one count of Possession of Drug Paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14. The theft charge was the only charge in lower court Case Number 2006CR623. The remaining two charges were indicted under Case Number 2006CR712; however, the trial court consolidated the cases for the purpose of the plea and sentencing hearings. Appellant entered no contest pleas to the charges and was found guilty. The Appellant was sentenced to nine months on the theft charge to be served consecutive to nine months for the possession of cocaine charge. These two sentences were also ordered to be served consecutive to a sentence out of the Knox County Court of Common Pleas.
 {¶ 2} According to the Statement of Facts, which was presented by the State during the plea hearing, Appellant and a passenger were riding in a vehicle on October 8, 2006. A Licking County Sheriffs Deputy recognized Appellant and believed Appellant to be an unlicensed driver. A traffic stop was initiated. Appellant was found to have an active warrant; therefore, he was taken into custody. A search of the vehicle yielded several crack pipes and other drug paraphernalia. The passenger told police she and Appellant had used the crack pipes to smoke crack earlier in the day. Appellant voluntarily submitted a urine sample which tested positive for cocaine.
 {¶ 3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, *Page 3 
indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee also did not file a brief.
 I. {¶ 4} "THE STATEMENT OF EVIDENCE BY THE STATE OF OHIO WAS INSUFFICIENT TO SUSTAIN A GUILTY VERDICT ON THE CHARGE OF POSSESSION OF COCAINE.
 II. {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON DEFENDANT-APPELLANT.
 III. {¶ 6} "THE DEFENDANT'S NO CONTEST PLEAS WERE [NOT] FREELY, VOLUNTARILY AND UNDERSTANDIBLY ENTERED."
 {¶ 7} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and *Page 4 
dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. Appellant has not filed a brief of his own or suggested any other possible Assignments of Error.
 I. {¶ 9} In his first potential Assignment of Error, Appellant argues the trial court erred in finding Appellant guilty of Possession of Cocaine.
 {¶ 10} R.C. 2925.11(A) and (C)(4)(a) provide,
 {¶ 11} 2925.11 Drug possession offenses
 {¶ 12} No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 13} (C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 14} (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 15} (a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender. *Page 5 
 {¶ 16} The Supreme Court has addressed the trial court's required analysis when accepting a no contest plea, "According to Crim. R. 11(B)(2), a no contest plea is `not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *.' Therefore, we have held that where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373." State v. Bird81 Ohio St.3d 582, 584, 692 N.E.2d 1013, 1015 (Ohio, 1998).
 {¶ 17} The indictment in this case reads as follows,
 {¶ 18} FIRST COUNT :
 {¶ 19} The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Bradley J. Hinkle, on or about the 8th day of October, 2006, in the County of Licking aforesaid or otherwise venued in Licking County, pursuant to Ohio Revised Code Section 2901.12, did, knowingly obtain, possess, or use Cocaine, a Schedule II Controlled Substance, in an amount less than five grams of Cocaine, in violation of Section 2925.11(A)(C)(4)(a) of the Ohio Revised Code, a felony of the fifth degree.
 {¶ 20} The indictment in this case contains sufficient allegations to state the felony offense of Possession of Cocaine. Appellant's no contest plea operates as an admission of the facts contained in the indictment, therefore, under these facts, the trial court was required to enter a guilty plea.
 {¶ 21} Appellant's first Assignment of Error is overruled. *Page 6 
 II. {¶ 22} In Appellant's second potential Assignment of Error, he suggests the trial court erred in imposing consecutive sentences. The record reveals at the time of the plea and sentencing in this case, Appellant was serving a 15-month sentence out the Knox County Court of Common Pleas for Receiving Stolen Property. The trial court ordered Appellant to serve nine months in prison on the Theft charge consecutive to the Knox County case. Additionally, the trial court ordered Appellant to serve nine months in prison on the possession of cocaine charge consecutive to the theft and Knox County cases. The drug paraphernalia sentence was ordered served concurrent with the possession of cocaine sentence. This resulted in a total sentence of 18 months consecutive to the Knox County case.
 {¶ 23} Both the possession of cocaine and theft charges were felonies of the fifth degree which are punishable by up to 12 months in prison. R.C. 2929.14(A)(5).
 {¶ 24} This Court has held that trial courts have the full discretion to impose a prison sentence within the statutory range and judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282 and State v. Freeman 2008 WL 795381, 5 (Ohio App. 5 Dist.). Appellant's sentences fell within the statutory ranges. Accordingly, the trial court did not abuse its discretion by imposing consecutive sentences.
 {¶ 25} Appellant's second Assignment of Error is overruled. *Page 7 
 III. {¶ 26} Finally, Appellant suggests his plea was not entered knowingly, intelligently, and voluntarily. A review of the plea hearing demonstrates the trial court complied with the mandate of Crim. R. 11 in accepting Appellant's no contest plea. The trial court explained to Appellant all of his rights and the effect of entering the no contest pleas.
 {¶ 27} As we outlined in State v. Sullivan, 2007 WL 2410108, 2-3 (Ohio App. 5 Dist.,2007), a determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record.State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 28} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim. R. 11(C)(2). Engle, 74 Ohio St.3d at 527.
 {¶ 29} The Appellant indicated he had read the indictment, read the admission of no contest forms, which contain an explanation of Appellant's constitutional rights, and discussed these items with his attorney. The trial court orally went over all of the required information to comply with Crim. R. 11. There is absolutely no evidence Appellant's plea was not entered knowingly, intelligently, and voluntarily.
 {¶ 30} Appellant's third Assignment of Error is overruled. *Page 8 
 {¶ 31} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas.
 {¶ 32} Counsel's Motion to Withdraw is granted. The judgment of the Licking County Court of Common Pleas is affirmed.
Farmer, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.
Attorney Christopher M. Shook's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1