[Cite as *State v. Huffman*, 2012-Ohio-659.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 11-COA-022 |
| VIEBBA NAHLENE HUFFMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
Common Pleas, Case No. 11 CRI-016



JUDGMENT:     AFFIRMED



DATE OF JUDGMENT ENTRY:     February 7, 2012



APPEARANCES:

For Appellant:                                      For Appellee:


DAVID R. STIMPERT                    RAMONA FRANCESCONI ROGERS
10 East Main Street                     ASHLAND COUNTY PROSECUTOR
Ashland, OH 44805
                                                       ANDREW N. BUSH
                                                       Assistant Prosecuting Attorney
                                                       110 Cottage Street
                                                       Ashland, OH 44805

*Delaney, J.*

{¶1} Defendant-appellant Viebba Nahlene Huffman appeals her conviction and sentence for three counts of aggravated trafficking in methamphetamine. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} This case arose when Detective Donald Garrison used a confidential informant to arrange three controlled buys of methamphetamine from appellant on December 8 and 9, 2010. Prior to each buy, investigators searched the informant and her vehicle for contraband and found none. During each buy, the informant wore a body wire and carried a small video recording device to record each transaction, with Garrison and other investigators listening to the transactions as they took place. Immediately after each buy, the informant met with investigators and turned over the methamphetamine she had purchased.

{¶3} The substance recovered by investigators after each transaction tested positive as methamphetamine.

{¶4} Appellant was charged by indictment with three counts of aggravated drug trafficking, each a felony of the fourth degree.

{¶5} Appellant entered pleas of not guilty and the case proceeded to trial by jury. Appellant was found guilty on all counts. The trial court sentenced appellant to three consecutive prison terms of twelve months each, in addition to a fine of $1,000 plus court costs on each count and three concurrent 5-year operator's license suspensions.

{¶6} Appellant now appeals from her conviction and sentence.

{¶7}  Appellant raises two Assignments of Error:

{¶8}  "I.  DEFENDANT/APPELLANT'S CONVICTIONS FOR AGGRAVATED TRAFFICKING IN DRUGS, IN VIOLATION OF OHIO REVISED CODE SECTION 2925.03(A)(1), WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶9} "II.    THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE 2929.14(E)(4); SAID CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE SECTION 2929.14(A)(4), AND WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION."

I.

{¶10} In her first assignment of error, appellant argues that her conviction on three counts of aggravated drug trafficking was against the manifest weight of the evidence.  We disagree.

{¶11} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and "after reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1987).  Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only

the "exceptional case in which the evidence weights heavily against the conviction." *Id.*

{¶12} Appellant was convicted upon trial by jury of three counts of aggravated trafficking in drugs pursuant to R.C. 2925.03(A)(1), which states, "No person shall knowingly sell or offer to sell a controlled substance." The substance involved is methamphetamine, a Schedule I controlled substance, therefore these offenses are felonies of the fourth degree.

{¶13} At trial, the State's evidence consisted of the testimony of Detective Garrison and the confidential informant. With text messages, the informant arranged a series of three controlled buys of methamphetamine from appellant. Each buy was recorded on a small video camera, and investigators listened to the transactions live over a body wire. The jury listened to the recordings of the transactions and viewed the substance recovered in each of the controlled buys. Appellant stipulated that the substances recovered in the transactions were methamphetamine. Based upon this evidence, we cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice in convicting appellant of three counts of aggravated drug trafficking.

{¶14} In reviewing the weight of the evidence, we determine that the greater amount of credible evidence supports the jury's verdict, and the jury did not lose its way and create such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

{¶15} Appellant's first assignment of error is overruled.

II.

{¶16} In her second assignment of error, appellant argues that the trial court abused its discretion in sentencing her to consecutive prison terms. We disagree.

{¶17} This Court has held that trial courts have full discretion to impose a prison sentence within the statutory range and we review the imposition of consecutive sentences under and abuse-of-discretion standard. *State v. Firouzmandi,* 5th Dist. No. 06-CA-41, 2006-Ohio-5823, ¶40; *State v. Duff*, 5th Dist. No. 06-CA-81, 2007-Ohio-1294, ¶6.

{¶18} The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

{¶19} Appellant challenges the trial court's imposition of consecutive sentences as an abuse of discretion, asserting that her history of criminal conduct does not demonstrate that consecutive sentences were necessary to protect the public from future crime. We note, however, that although appellant characterizes her criminal history as "limited," it includes convictions for manufacturing and use of methamphetamine, the same substance she was convicted of trafficking in the instant case. The trial court's attitude in imposing consecutive sentences, therefore, was not

unreasonable, arbitrary, or unconscionable.  *See*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} Appellant's sentences are within the statutory range, and the trial court did not abuse its discretion by imposing consecutive sentences.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Huffman*, 2012-Ohio-659.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| VIEBBA NAHLENE HUFFMAN | : | |
| | : | |
| | : | Case No. 11-COA-022 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN