THE STATE OF OHIO, APPELLANT, *v.* MYERS, APPELLEE.

[Cite as State *v.* Myers (1983), 8 Ohio St. 3d 33.]

(No. 83-289—Decided December 14, 1983.)

*Mr. Thomas G. Petkewitz,* director of law, *Mr. Paul A. Folfas,* prosecuting attorney, and *Mr. Jeffrey A. Hazlett,* for appellant.

*Mr. Joseph J. Chillinsky,* for appellee.

CLIFFORD F. BROWN, J. The issue in the present case is whether the darkly tinted glass on appellee's vehicle is "nontransparent" within the meaning of R.C. 4513.24. The state argues that darkly tinted glass is "nontransparent" because it "prevents a view of the inside of the vehicle unless one is extremely close * * *." The state suggests the phrase "nontransparent material" as used in R.C. 4513.24 is ambiguous since it is unclear whether it was intended to require the ability to see into the motor vehicle from the exterior as well as to see from the interior to the exterior.[1]

The evidence indicates that the tint in question did not in any way obstruct the driver's vision. Instead, it merely made it appear as if the occupants inside the vehicle were looking through sunglasses. Moreover, the arresting officer himself admitted that he could see through the glass and into the vehicle once he "got close." Thus, the windows in question were not "nontransparent" under all circumstances. Accordingly, the phrase "other nontransparent material" as used in R.C. 4513.24 cannot be said to include darkly tinted automobile windows.

While we are mindful that darkly tinted windows may pose a safety hazard for approaching police officers, we are unwilling to transform what is obviously a highway safety statute concerned with driver visibility into a police protection statute. If the relationship between tinted glass and police protection is perceived to be a problem, a specific statute addressing the

---

[1] The state bases its argument on the definition of "transparent" as found in Webster's Third New International Dictionary (1961), which reads as follows: "Having the property of transmitting light without appreciable scattering so that bodies lying beyond are entirely visible."

issue should be passed by the General Assembly. As written, however, R.C. 4513.24 does not prohibit tinted glass on automobiles.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C.J., and J. P. CELEBREZZE, J., dissent.