OPINION *Page 2 
{¶ 1} On September 29, 2006, the Ashland County Grand Jury indicted appellant, David Polk, on one count of forgery in violation of R.C.2913.31. Said charge arose from appellant giving a false driver's license to an Ohio State Highway Patrol Trooper after a traffic stop for dark tinted windows.
 {¶ 2} On November 15, 2006, appellant filed a motion to suppress, claiming an illegal stop of his vehicle. A hearing was held on November 27, 2006. By judgment entry filed December 13, 2006, the trial court denied the motion.
 {¶ 3} On December 20, 2006, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty. By judgment entry filed January 31, 2007, the trial court sentenced appellant to nine months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS, BECAUSE THE TRAFFIC STOP IN QUESTION WAS SUPPORTED BY NEITHER PROBABLE CAUSE NOR REASONABLE ARTICULABLE SUSPICION TO BELIEVE AN OFFENSE HAD OCCURRED."
 II {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS, BECAUSE APPELLANT WAS UNREASONABLY DETAINED BEYOND THE PERIOD NECESSARY TO HANDLE THE ALLEGED TRAFFIC *Page 3 
VIOLATION AND INCRIMINATING EVIDENCE WAS OBTAINED DURING THE UNREASONABLE DETENTION."
 III {¶ 7} "APPELLANT'S SENTENCE IS UNREASONABLE AND UNSUPPORTED BY THE RECORD."
 I {¶ 8} Appellant claims the trial court erred in overruling his motion to suppress as the traffic stop was not supported by probable cause or reasonable articulable suspicion that an offense had occurred. We disagree.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *Page 4 State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 10} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 11} Ohio State Highway Patrol Trooper Penny Beatty testified she stopped a vehicle after observing that the window tint was too dark. T. at 11. She described the tinted windows to be so dark that she could not observe the driver, identify the driver's sex or objects in the vehicle, or discern how many occupants were inside the vehicle. T. at 11-12. Trooper Beatty had made the observation after pulling alongside the vehicle on the driver's side and driving directly beside it. T. at 12. She determined the tinted windows were in violation of R.C. 4513.241. T. at 13. Said statute states the following in pertinent part: *Page 5 
 {¶ 12} "(A) The director of public safety, in accordance with Chapter 119. of the Revised Code, shall adopt rules governing the use of tinted glass, and the use of transparent, nontransparent, translucent, and reflectorized materials in or on motor vehicle windshields, side windows, sidewings, and rear windows that prevent a person of normal vision looking into the motor vehicle from seeing or identifying persons or objects inside the motor vehicle.
 {¶ 13} "(C) No person shall operate, on any highway or other public or private property open to the public for vehicular travel or parking, lease, or rent any motor vehicle that is registered in this state unless the motor vehicle conforms to the requirements of this section and of any applicable rule adopted under this section.
 {¶ 14} "(D) No person shall install in or on any motor vehicle, any glass or other material that fails to conform to the requirements of this section or of any rule adopted under this section."
 {¶ 15} Following the stop, the driver provided a driver's license bearing the name "Davell Gardener" and an illegible insurance card, but was unable to produce the vehicle's registration. T. at 14. Trooper Beatty intended to cite the driver for the window tint violation. Id. After running the driver's license through the LEADS program, Trooper Beatty was informed "Davell Gardener" used alias names. T. at 18. When questioned, the driver admitted he was not the person named on the license. He told Trooper Beatty he was David Polk. T. at 19. While attempting to contact the vehicle's owner, a K-9 unit was summoned. T. at 20.
 {¶ 16} In its December 13, 2006 judgment entry, the trial court determined Trooper Beatty had reasonable suspicion to stop the vehicle: *Page 6 
 {¶ 17} "Effective January 1, 2004, the Ohio General Assembly again amended Ohio Revised Code Sections 4513.24 and 4513.241. At that time, the legislature added language to both statutes making the placement of nontransparent or sunscreen materials on the windows of a motor vehicle a violation of law under certain circumstances. Thus, the legislature has complied with the mandate of the Supreme Court in Myer and has further delineated window tint violations and established penalties for those violations. The Court therefore finds that window tint violations are traffic laws for which traffic stops may be properly initiated by law enforcement officers.
 {¶ 18} "The Court next addresses whether or not an officer's observations of the degree of window tint on a vehicle may serve as the basis for the stop of a vehicle for a window tint violation. Neither the concepts of probable cause nor `articulable suspicion' would require that an officer have tint meter readings before making a stop for a window tint violation. Trooper Beatty conducted a reasonable inquiry before stopping the Defendant's vehicle by driving alongside and determining to what extent she could see through the tinted windows. The stop occurred at 8:45 a.m. and there were no adverse whether (sic) conditions which would have caused the windows to appear more tinted than they actually were. The Court finds that Trooper Beatty had both an articulable suspicion that a violation of law existed and probable cause for her stop of the Defendant's vehicle and that therefore the stop was constitutionally permissible."
 {¶ 19} We concur with the trial court's analysis, and find there were specific articulable facts to establish reasonable suspicion that the vehicle's window tint violated Ohio law. *Page 7 
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's motion to suppress on this issue.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in overruling his motion to suppress as his detention for over thirty minutes for a minor traffic violation was unlawful. We disagree.
 {¶ 23} In his motion to suppress filed November 15, 2006, appellant only argued the lawfulness of the stop based on tinted windows underState v. Myers (1983), 8 Ohio St.3d 33, and the fact that there was no objective reason to support the stop of his vehicle. Appellant did not argue as to the length of the stop nor did the trial court address the issue as being raised during the suppression hearing.
 {¶ 24} Pursuant to Crim.R. 47, motions "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit." Sufficient particularity is necessary to place the prosecutor and court "on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." State v. Shindler,70 Ohio St.3d 54, 1994-Ohio-452, 58.
 {¶ 25} Appellant did not raise in his motion to suppress the unlawfulness of the detention time. As appellant did not bring this issue before the trial court, we find he has waived his right to do so on appeal.
 {¶ 26} Assignment of Error II is denied. *Page 8 
 III {¶ 27} Appellant claims his sentence of nine months in prison was unreasonable and unsupported by the record. We disagree.
 {¶ 28} Appellate review of sentences shall be pursuant to an abuse of discretion standard. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294; State v. Firouzmandi, Licking App. No. 06-CA-41,2006-Ohio-5823. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217; State v. Adams (1980), 62 Ohio St.2d 151. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619.
 {¶ 29} Appellant was convicted of forgery in violation of R.C.2923.31, a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months" in prison therefore, the complained of sentence is clearly within the parameters of the statute. Admitted under seal to this court is appellant's presentence investigation. It reveals a criminal history of felony convictions, including a 1996 sentence to a penal institution and a 2004 community control sentence which he violated in 2005. Further, it was the recommendation of the report's author that appellant was not amenable to community control.
 {¶ 30} Based upon these factors, we find no error or unreasonableness in the trial court's sentence.
 {¶ 31} Assignment of Error III is denied. *Page 9 
 {¶ 32} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1